UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22414-MC-O'SULLIVAN

IN THE MATTER OF THE EXTRADITION OF

TELMO RICARDO HURTADO HURTADO

_____/

**ORDER**

THIS MATTER came before the Court on Telmo Ricardo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29, 3/16/09). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Telmo Ricardo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29, 3/16/09) is **DENIED** for the reasons set forth herein.

**BACKGROUND**

On August 29, 2008, this Court issued a complaint for the provisional arrest of Telmo Ricardo Hurtado Hurtado ("Hurtado" or "respondent") with a view towards extradition at the request of the United States, acting on behalf of the Government of Peru.  See Complaint (DE# 1, 9/2/08). In that complaint, the United States alleged that Hurtado was wanted to stand trial in Peru for his involvement in the massacre of 69 villagers in the Accomarca region of Peru, in violation of Article 52 of the Peruvian Criminal Code, as well as for the abduction and forced disappearance of a guide recruited to guide him through Accomarca, in violation of Articles 223 and 320, respectively, of the Peruvian Criminal Code. Id.

On August 29, 2008, Hurtado was arrested pursuant to an arrest warrant issued by this Court in conjunction with the issuance of the extradition complaint. See Return of Arrest Warrant (DE# 10, 9/10/08). Hurtado has been held without bond, pending the resolution of these extradition proceedings.

On March 16, 2009, Hurtado moved to dismiss[1] the complaint for extradition and/or to quash the extradition warrant. See Telmo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29, 3/16/09). On March 23, 2009, the government filed its response. See United States' Response in Opposition to Telmo Ricardo Hurtado Hurtado's Motion to Dismiss and for Other Relief (DE# 30, 3/23/09). The government filed a supplement on April 14, 2009. See United States' Supplement to the Extradition Complaint (DE# 31, 4/14/09).

## **FACTS**[2]

The United States has sought extradition of the respondent on behalf of the government of Peru. The respondent is being sought for the massacre of 69 villages in the Accomarca region of Peru and for the forced disappearance of a guide on August 14, 1985. On March 11, 1986, the Supreme Court of Peru decided that the military court had jurisdiction to hear the criminal charges against the respondent. The respondent was tried and acquitted of all murder charges stemming from the August 14, 1985 incident but found guilty of abuse of authority. The respondent was sentenced

---

[1] On January 27, 2009, the Court granted Hurtado leave to file a motion to dismiss and/or quash the warrant. See Order (DE# 26, 1/27/09).

[2] The facts are obtained from Telmo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29 at 2, 3/16/09) and are not disputed by the government.

to six years in prison. On May 8, 1995, the respondent completed his sentence.[3]

## ANALYSIS

Hurtado seeks to dismiss the extradition complaint and/or to quash the extradition warrant based double jeopardy and under Article 14(7) of the International Covenant of Civil and Political Rights (hereinafter "ICCPR"). See Telmo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29 at 2, 3/16/09). Hurtado argues that he is not subject to extradition because he was already tried and acquitted[4] in Peru for the subject crimes. Id.

**1.   Double Jeopardy**

The issue before this Court is whether double jeopardy is a defense to an extradition where the respondent was previously tried and acquitted in the requesting state (Peru).  Article IV of the Extradition Treaty between the United States and Peru sets forth the basis for the denial of extradition. Article IV(1)(a) states, in pertinent part, that extradition shall not be granted "if the person sought has been convicted or acquitted in the Requested State for the offense for which extradition is requested." Hurtado acknowledges that Article IV(1)(a) does not directly address the situation here where the respondent was tried and acquitted by the requesting state (Peru) not the requested state (the United States), nonetheless, Hurtado argues that "[i]n order to

---

[3] On June 15, 1995, the President of Peru granted amnesty to anyone who may have violated human rights while combating the Shining Path, a guerilla organization. On January 11, 2002, the Peruvian Supreme Court of Military Issues made null and void the judgment of the Supreme Court granting amnesty to the respondent.

[4] The respondent was acquitted on the murder charges but was convicted of abuse of authority.

3

determine the scope of the double jeopardy provision within any treaty, it is necessary to look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties." See Telmo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29 at 3, 3/16/09) (citing Choctaw Nation of Indians v. United States, 318 U.S. 423, 431-32 (1943)). Hurtado points out that the senate report notes on the extradition treaty with Peru state in footnote 7 that "nothing in the provision enables the Requested State to bar extradition on the ground that the person sought has been convicted or acquitted in a third state."

The government argues that the double jeopardy defense is not available under the facts of the instant case. "A claim of double jeopardy in an extradition proceeding is governed by the extradition treaty between the requested, or asylum state, and the requesting sovereign." See United States' Supplement to the Extradition Complaint (DE# 31 at 2, 4/14/09).

The Court agrees with the government. Article IV(a)(1) expressly addresses the situation where the respondent has been convicted in the requested state, here the United States. The senate report notes address the situation where the respondent has been convicted in a third state  - - under those circumstances Article IV is not a defense to extradition. Neither Article IV or the Senate Report notes address the situation in the instant case where the respondent has been tried and acquitted in the requesting state, Peru.  Because the treaty between the United States and Peru calls for double jeopardy protection only if the respondent has been convicted or acquitted by the requested state, here the United States, double jeopardy is not a defense to the extradition of

4

Hurtado who was tried and acquitted in the requesting state, Peru.

**2.      Article 14(7) of the ICCPR**

Hurtado also cites to Article 14(7) of the International Covenant of Civil and Political Rights ( "ICCPR") in support of the instant motion. Article 14(7) of the ICCPR states that "[n]o one shall be liable to be tried or punished again for an offense for which he has already been finally convicted or acquitted in accordance with the law and penal procedure of each country." Hurtado argues that "[a]s a properly ratified treaty, the ICCPR is a part of the supreme law of the land." See Telmo Ricardo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29 at 5, 3/16/09).

The government argues that the ICCPR is a non-self-executing treaty. That is, the "treaty does not by itself give rise to domestically enforceable federal law." See United States' Response in Opposition to Telmo Ricardo Hurtado Hurtado's Motion to Dismiss and for Other Relief (DE# 30 at 4-5, 3/23/09) (citing Medellin v. Texas, 128 S.Ct. 1346, 1356 n. 2 (2008) (defining "self-executing" and "non-self-executing")).

Hurtado recognizes that the ICCPR is non-self-executing, citing 138 Cong. R. S4781-84 (Apr. 2, 1992) (stating that provisions 1 through 27 of the ICCPR are not self-executing), but argues that "the 'not self-executing' declaration [is] meant, '. . . to clarify that the Covenant will not create a private cause of action in U.S. Courts." See Telmo Ricardo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29 at 6, 3/16/09) (citing Senate Committee on Foreign Relations Report on the International Covenant on Civil and Political Rights, 31 I.L.M. 645, 657 (1992)). Thus, according to Hurtado, because he is relying on the ICCPR for a

different purpose, as a defense to his extradition, the Court should consider the proscription of Article 14(7).

The Court is persuaded by the government's argument that Article 14(7) is not a defense to Hurtado's extradition proceedings.[5] As a non-self-executing treaty, the ICCPR is not judicially enforceable, and therefore, does not provide Hurtado with a defense to this extradition proceeding.

## CONCLUSION

Based on the foregoing, Telmo Ricardo Hurtado Hurtado's Motion to Dismiss Complaint and/or Quash Warrant Requesting Extradition (DE# 29, 3/16/09) is **DENIED**. The Court will issue a separate order setting an extradition hearing pursuant to 18 U.S.C. § 3184.

DONE AND ORDERED, in Chambers, at Miami, Florida this **16th** day of April, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

---

[5] In Sosa v. Alvarez-Machain, 542 U.S. 692, 728 (2004), the Supreme Court cited, in dicta, the ICCPR as an example of a non-self-executing, and thus non-enforceable, treaty.