UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22414-MC

IN THE MATTER OF THE EXTRADITION OF
TELMO RICARDO HURTADO-HURTADO

_____/

**ORDER**

THIS MATTER came before the Court on the Motion to Stay Extradition (DE# 38, 5/14/09) filed by Telmo Ricardo Hurtado-Hurtado (hereinafter "Hurtado"). Hurtado seeks to stay his extradition to Peru in order to move for habeas corpus relief from this Court. See Motion to Stay Extradition (DE# 38, 5/14/09). Hurtado states that "[a] stay of extradition is necessary in order for Mr. Hurtado to remain in this country, subject to this Court's jurisdiction, and for this matter to remain a 'live controversy' while this Court considers the points raised in Mr. Hurtado's habeas petition." Id. at 1. The government opposes the instant motion. See United States' Opposition to Motion to Stay Extradition (DE# 39, 5/15/09). The government argues that the instant motion should be denied because:

> Hurtado has no probability of success in further juridical proceedings in the United States; his motion for stay is simply filed for purposes of delay; he will not be harmed by the denial of the motion as he will returned to a country with an independent and fair judicial system where he can raise appropriate defenses to the charges for which he is being extradited; and, there is a strong public purpose in returning Hurtado to the Republic of Peru.

Id. at 2

Both parties agree that the test for whether a stay should be granted is set forth in Noriega v. Pastrana, No. 07-cv-22816-PCH, 2008 WL 331394 (S.D. Fla. Jan. 31, 2008). In Noreiga, the Court applied the following four prong test:

(1) whether the stay applicant has made a strong showing that he is likely to

> succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.

Id. at * 2 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The Court further noted that "[t]he Eleventh Circuit Court of Appeals has observed that '[o]rdinarily the first factor is the most important . . . But the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when the 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" Id. citing (Garcia-Mir v. Meese, 781 F. 2d 1450, 1453 (11th Cir. 1986) (quoting Ruiz v. Estelle, 650 F. 2d 555, 565 (5th Cir. 1981) (per curiam), cert. denied, 460 U.S. 1042 (1983)).

Applying the Noriega factors to the instant case, the Court finds that the instant motion should be granted. While the Court agrees with the government that Hurtado has not "made a strong showing that he is likely to succeed on the merits," Hurtado has presented a "substantial case on the merits." Noriega, 2008 WL 331394 at * 3. Hurtado raises novel legal issues that should be resolved by the Court. The remaining factors weigh heavily in favor of granting the instant motion. Hurtado will be irreparably harmed if his extradition is not stayed. Any issues raised in his habeas petition will be mooted and he will be denied a meaningful review by this Court. Moreover, the issuance of the stay will not substantially injure the other parties interested in the proceedings. As Hurtado points out, "[he] has been fighting these charges in one way or another since 1985 . . . . Hurtado is currently in custody with no bond [and a] short delay to litigate these important issues will not negatively affect the relations between the United Stats and Peru." See Telmo Hurtado-Hurtado's Reply to Government's Response to Motion to Stay Extradition (DE# 40 at 3, 5/19/09).  Lastly, "[i]t is in the public interest that [Hurtado] be given a full, fair opportunity to litigate his claim that extradition to [Peru] violates his rights under

[Article 14(7) of the International Covenant of Civil and Political Rights]." Noriega, 2008 WL 331394 at * 3.  Accordingly, it is

ORDERED AND ADJUDGED that the Motion to Stay Extradition (DE# 38, 5/14/09) is GRANTED. The extradition of Telmo Ricardo Hurtado-Hurtado is STAYED pending the filing of Hurtado's petition for writ of habeas corpus. Hurtado shall file his petition on or before **June 4, 2009.** Should Hurtado fail to file his petition by June 4, 2009, the stay shall be automatically lifted.

DONE AND ORDERED in Chambers at Miami, Florida, this **21st** day of May, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE


cc:     Sabrina Puglisi, AFPD
        William C. White, AUSA